THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Richard W. Mear, SBN 024739
rmear@cavanaghlaw.com
Levi T. Claridge, SBN 032582
lclaridge@cavanaghlaw.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Vargas, | NO. |
| Plaintiff, | |
| v. | **PETITION FOR REMOVAL** |
| New Prime, Inc., d/b/a Prime, Inc.; and Does 1-10, | |
| Defendants. | |

Specially appearing Defendant New Prime, Inc., d/b/a Prime Inc. (hereinafter Defendant Prime), by and through undersigned counsel, respectfully file this Petition for Removal and Notice of Removal of Maricopa County Superior Court Case No. CV2022-094082, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

1. A civil action seeking to recover money damages has been commenced by Plaintiff Jose Luis Vargas and is now pending in the Maricopa County Superior Court in and for the State of Arizona, captioned *Jose Luis Vargas v. New Prime Inc., d/b/a Prime*

*Inc. et. al,* Maricopa County Superior Court Case No. CV2022-094082 ("the State Action").

2. Plaintiff's Complaint in the State Action was filed on September 13, 2022. A true and correct copy of the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "A" and incorporated herein by reference. Plaintiff seeks to recover damages in tort, including general damages, present and future medical expenses, lost earnings and income potential, economic damages, pre-judgment interest and costs. *See* Exhibit "A" at 3 and 4.

3. Defendant accepted and waived service on December 12, 2022. A true and correct copy of the Acceptance and Waiver of Service of Summons and Complaint is attached hereto as Exhibit "B."[1] The Summons to Defendant Prime, Inc., was filed contemporaneously with the Complaint on September 13, 2022, a true and correct copy is attached hereto as Exhibit "C." The Certificate of Compulsory Arbitration was also filed on September 13, 2022, a true and correct copy of which is attached hereto as Exhibit "D." Also filed on September 13, 2022, was the Civil Cover Sheet. A true and correct copy of the Civil Coversheet attached hereto as Exhibit "E." To date, Defendants are not aware of any other pleadings filed in the State Action.

4. Pursuant to L.R. 3.6(b), Defendants certify that Exhibits "A" through "E" are true and correct copies of all documents filed in the State Action. A true and correct copy of the state court docket is attached hereto as Exhibit "F."

5. Pursuant to L.R. 3.6(b), Defendants have also attached to this Petition for Removal the Supplemental Cover Sheet which they will file contemporaneously with this Petition for Removal.

6. According to Plaintiff's Complaint, at all material times in this lawsuit,

---

[1] Defendants intend to file responses to the Complaint within 7 days of filing the Petition for Removal in accordance with Federal Rule of Civil Procedure 81(c)(2).

Plaintiff was a resident of California. *See* Exhibit "A" at ¶1.

7. To determine a natural person's state of citizenship, the Court looks to domicile, which includes looking at where the person's permanent home is, which is where the person "resides with the intention to remain." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's lawsuit is about damage he claims was sustained in a motor vehicle accident in Arizona. *See Id*. Plaintiff admits he is a citizen of the State of California.

8. In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Id.*

9. Defendant Prime a corporation organized under the laws of the state of Nebraska with its principal place of business in Nebraska. Therefore, Defendant Prime is a citizen of the State of Nebraska.

10. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

11. In this action, Plaintiff seeks to recover monetary damages related to his claim for negligence. *See* Exhibit "A." Plaintiff claims that on or about September 14, 2020, he was operating a semi-truck in the parking lot of 900 N. 99th Avenue, when he was allegedly struck by a semi-truck owned by Defendant Prime. *Id*. at ¶16. Plaintiff alleges that he sustained "severe personal injuries," that he incurred past and possible future medical expenses, limitation of normal activities, past and future pain and

suffering, lost earnings and lost income potential. *Id*. at ¶¶18-20.

12. Plaintiff alleges in his Complaint that the matter meets the criteria for Tier 2 pursuant to Arizona Rule of Civil Procedure 26.2(c)(3)(B). Under Rule 26.2, Tier 2 cases are "[a]ctions claiming more than $50,000 and less than $300,000." *See* Ariz. R. Civ. P. 26.2(c)(3)(B). For purposes of determining the correct tier, the amount of damages that may be considered includes "all monetary damages …, but excludes claims for punitive damages, interest, attorney's fees in the case to be tiered, and costs." *See Id* at (e). Thus, Plaintiff's Tier 3 certification means that they believe their monetary damages are in excess of at least $50,000.

13. Additionally, Plaintiff has certified that the case is not subject to compulsory arbitration, meaning that Plaintiff views the case as having a value in excess of $50,000.00, excluding interest and costs. *See* Exhibit "D"; *see also Ansley*, 215 F.R.D. at 576-78 (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

14. Additionally, on August 15, 2022, Plaintiff issued a policy limit demand to Defendant Prime whose limits are in excess of $75,000.00. In that demand, Plaintiff indicated that his past medical damages to date were $48,471.00. Plaintiff has also indicated that his property damages exceed $5,000.00. Based upon those figures, Plaintiff demanded policy limits to resolve the matter.

15. In light of Plaintiff's claims of "severe personal injury," his demands for policy limits, which exceed $75,000.00, for payment of medical expenses and property damages, future medical expenses, permanent physical impairment, economic losses and loss of enjoyment of life, and pre-judgment interest and costs, it is clear that the amount in controversy exceeds the jurisdictional minimum in this Court, which is $75,000.00. *See Ansley*, 218 F.R.D. at 576-78.

16. Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

17. There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

18. This Petition for Removal and Notice of Removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

19. Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

20. Pursuant to LRCiv 3.6(d), Defendants request a jury trial, and have indicated the same on the Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Defendant Prime requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**DATED** this 6th day of January, 2023.

                                                THE CAVANAGH LAW FIRM, P.A.

                                                By: /s/
                                                     Richard W. Mear
                                                     Levi T. Claridge
                                                     *Attorneys for Defendants*

LAW OFFICES
**THE CAVANAGH LAW FIRM, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

Robert R. Monroe
Fleming & Monroe, PLC
7227 E. Baseline Road, Suite 114
Mesa, Arizona  85209
rmonroe@fmlawaz.com
*Attorneys for Plaintiff*


*/s/ Darlene Dahl*