# EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
9/13/2022 2:01:57 PM
Filing ID 14838441

Robert R. Monroe, #028838
rmonroe@fmlawaz.com
**FLEMING & MONROE, PLC**
7227 E. Baseline Road, Suite 114
Mesa, Arizona 85209
Phone: 480-534-7355
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOSE LUIS VARGAS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>NEW PRIME, INC., d/b/a PRIME, INC.;<br>and DOES 1-10;<br><br>Defendants. | Case No.   CV2022-094082<br><br>**COMPLAINT** |

Plaintiff Jose Luis Vargas ("Plaintiff"), by and through undersigned counsel, for his Complaint against Defendants New Prime, Inc. d/b/a Prime, Inc., and Defendants Does 1-10 (collectively, "Defendants"), hereby alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jose Luis Vargas, at the time of the events complained of herein, was a resident of California.

2. Defendant New Prime, Inc., d/b/a Prime, Inc., at the time of the events complained of herein, was authorized to do, and was doing business, in Maricopa County, Arizona.

3. Defendants caused an event to occur within Maricopa County, Arizona, out of which this action arises.

4. This Court has jurisdiction over this matter pursuant to Article 6, Section 14, Paragraphs 1 and 3 of the Arizona Constitution as well as A.R.S. § 12-123.

5. Venue is proper in this Court pursuant to A.R.S. § 12-401, as the events giving rise to the claims for relief occurred in Maricopa County, Arizona.

6. The amount in controversy exceeds the minimum jurisdiction requirements of this Court, and jurisdiction and venue are proper in Maricopa County Superior Court.

## GENERAL ALLEGATIONS

7. Defendants, and each of them, at all times herein, were acting within the course and scope of their employment.

8. DOES 1 to 10 are fictitious names for Defendants whose identities are unknown to Plaintiff at the present time and Plaintiff will pray for leave of the Court to amend this Complaint to insert same.

9. On or about September 14, 2020, Plaintiff Jose Luis Vargas was operating a semi-truck in the parking lot of 900 N. 99th Avenue, within the city limits of Avondale, Arizona 85323, when he was struck by a semi-truck owned by Defendants and being operated by one of Defendants' employees.

10. Defendants negligently operated the vehicle by failing to control its speed, and executing an illegal right turn so as to cause a collision with Plaintiff's vehicle.

11. As a direct and proximate result of Defendants' actions as set forth herein, Plaintiff sustained severe personal injuries.

12. As a result of Defendants' actions, Plaintiff has incurred past and possible future medical expenses; limitation of normal activities, interests and hobbies; and both past and future pain and suffering in an amount to be proven at trial.

13. As a result of Defendants' actions, Plaintiff has sustained monetary damages in the form of lost earnings and lost income potential in an amount to be proven at trial.

14. As a result of Defendants' actions, Plaintiff has sustained property damage to his personal effects in an amount to be proven at trial.

## COUNT I
## NEGLIGENCE

15. Paragraphs 1 through 14 of the Complaint are hereby re-alleged and incorporated herein.

16. On or about September 14, 2020, Plaintiff Jose Luis Vargas was operating a

1  semi-truck in the parking lot of 900 N. 99th Avenue, within the city limits of Avondale,
2  Arizona 85323, when he was struck by a semi-truck owned by Defendants and being
3  operated by one of Defendants' employees.

4      17.    Defendants negligently operated the vehicle by failing to control its speed, and
5  executing an illegal right turn so as to cause a collision with Plaintiff's vehicle.

6      18.    As a direct and proximate result of Defendants' actions as set forth herein,
7  Plaintiff sustained severe personal injuries.

8      19.    As a result of Defendants' actions, Plaintiff has incurred past and possible
9  future medical expenses; limitation of normal activities, interests and hobbies; and both past
10 and future pain and suffering in an amount to be proven at trial.

11     20.    As a result of Defendants' actions, Plaintiff has sustained monetary damages
12 in the form of lost earnings and lost income potential in an amount to be proven at trial.

13     21.    As a result of Defendants' actions, Plaintiff has sustained property damage to
14 his personal effects in an amount to be proven at trial.

15

16 WHEREFORE, Plaintiff demands judgment by this Court in his favor and against
17 Defendants as follows:

18     a.    For medical expenses, past and future, in an amount to be proven at trial;
19     b.    For damages for physical injuries, physical and mental pain and suffering and
20         limitation of normal activities, both past and future, in an amount to be proven
21         at trial;
22     c.    For lost wages, past and future, in an amount to be proven at trial;
23     c.    For Court costs incurred and to be incurred herein;
24     d.    For interest on the above sums from the date of judgment until paid; and
25     h.    For such other and further relief as the Court may deem just and proper.
26
27 ///
28

DATED this 13th day of September, 2022.

                                     **FLEMING & MONROE, PLC**

                               By: */s/ Robert R. Monroe*
                                    ROBERT R. MONROE
                                    *Attorneys for Plaintiff*